UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SERGEY FIRSOV, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>AEROVIAS DEL CONTINENTE AMERICANO S.A. AVIANCA,<br><br>    Defendant. | Case No. 25-cv-05481-VKD<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO RECOVER COST OF FORMAL SERVICE OF SUMMONS**<br><br>Re: Dkt. No. 12 |

On October 2, 2025, plaintiffs Sergey Firsov and Kateryna Pomogaibo, who are representing themselves, filed a motion to recover costs for service of process. Dkt. No. 12. Defendant Aerovias Del Continente Americano S.A. Avianca ("Avianca") opposes the motion. Dkt. No. 14. This motion is suitable for resolution without oral argument. Civil L.R. 7-1(b). The Court denies plaintiffs' motion for the reasons set forth below.

Rule 4 of the Federal Rules of Civil Procedure provides that a corporation "subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1). The Rule permits a plaintiff to notify a defendant about a lawsuit brought by the plaintiff and ask the defendant to waive service of summons. *Id.* If the defendant is a corporation, notice must be given "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(d)(1)(A)(ii). "Once a plaintiff has sent a valid request for a waiver of service of process, the burden shifts to the defendant to avoid imposing unnecessary costs on the plaintiff." *Rollin v. Cook*, 466 F. App'x 665, 667 (9th Cir. 2012). If a defendant "fails, without good cause," to waive service, then "the court must impose" the "expenses later incurred in making service." Fed. R.

1  Civ. P. 4(d)(2).

2        In their motion, plaintiffs contend they provided Avianca with notice of the action, the summons, the complaint, and waiver of summons on July 7, 2025. Dkt. No. 12 at 1. They say that "Defendant refused to communicate and return signed Waiver of Summons in 60 days" and that defendant "was personally served Summons and Complaint in SFO airport" on September 29, 2025. *Id.* Plaintiffs claim to have paid $150 for "formal service" of these documents. *Id*. Plaintiffs' motion is not supported by any evidence.

      Avianca responds that plaintiffs have not shown that they provided proper notice of the action under Rule 4(d)(1), or that they properly served Avianca thereafter, and are not entitled to recover any expenses for service. Dkt. No. 14 at 3-4. Avianca argues that, at best, the record reflects that plaintiffs attempted to provide notice to and/or service upon a staff member at Avianca's airport ticket counter at San Francisco International Airport ("SFO"). *Id.* at 3.

      The docket reflects that plaintiffs have filed three proofs of service in this case. Dkt. Nos. 10, 21, 28. Two of these proofs of service were filed only after plaintiffs filed their motion to recover service costs and they appear to be identical. Dkt. Nos. 21, 28. These filings fail to demonstrate that plaintiffs gave notice to an officer, general manager, or authorized agent for service of process. Plaintiffs' first proof of service, filed on September 12, 2025, states that Mr. Firsov served a summons on Qatar Airways Group, which is not a party to this action. *See* Dkt. No. 10 at 2. The accompanying "Affidavit of Due Diligence" states that Oleksandra Pomohaibo unsuccessfully attempted to serve an employee at the Avianca check-in counter at SFO. *Id.* at 1. The second proof of service, filed on October 21, 2025, states that Myron Pomohaibo served a summons on "supervisor Daffny in Avianca uniform" at SFO. Dkt. No. 21 at 2; Dkt. No. 28 at 2.

      Plaintiffs have not shown that they complied with the requirements of Rule 4(d). First, they have not demonstrated that they complied with the requirements of Rule 4(d)(1) by providing notice to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." *See* Fed. R. Civ. P. 4(d)(1)(A)(ii); *see, e.g.*, *Fuentes v. Nat'l Tr. Co. Deutsche Bank*, No. 22-cv-04953-BLF, 2023 WL 2278701, at *3 (N.D. Cal. Feb. 27, 2023) (finding service upon receptionist was insufficient where receptionist was not an "officially

2

designated officer or managing agent of the corporation" and plaintiff "provided no proof that the receptionist was authorized by appointment or law to receive service"); *Jimena v. UBS AG Bank, Inc.*, No. 07-cv-00367-OWW-TAG, 2007 WL 1687045, at *5 (E.D. Cal. June 8, 2007) (service on bank branch and office manager was insufficient). Instead, the record reflects that whatever notice plaintiffs provided was provided only to someone working in "SFO airport." There is no evidence that any such notice informed Avianca "of the consequences of waiving and not waiving service." *See* Fed. R. Civ. P. 4(d)(1)(D). Second, even if they had complied with Rule 4(d)(1), plaintiffs have not shown that they subsequently accomplished formal service on Avianca for which they are entitled to recover expenses. *See* Fed. R. Civ. P. 4(d)(2)(A); *see also* Fed. R. Civ. P. 4(c), (h) (requirements for service on a corporation).

"Because [plaintiffs] have not established that [they] complied with Rule 4(d)(1), [they] cannot be compensated for the formal cost of service." *Firsov v. Scandinavian Airlines of N. Am., Inc.*, No. 25-cv-03691-EMC, 2025 WL 2733645, at *1 (N.D. Cal. Sept. 25, 2025); *see also Firsov v. United Airlines, Inc., et al.*, No. 25-cv-03784-BLF, Dkt. No. 48. Accordingly, the Court denies plaintiffs' motion to recover costs for service of process.

**IT IS SO ORDERED.**

Dated: October 28, 2025

Virginia K. DeMarchi
United States Magistrate Judge