United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SERGEY FIRSOV, et al.,

Plaintiffs,

v.

AEROVIAS DEL CONTINENTE AMERICANO S.A. AVIANCA,

Defendant.

Case No. 25-cv-05481-NW

**ORDER GRANTING MOTION TO DISMISS AND DENYING OTHER PENDING MOTIONS**

Re: ECF Nos. 29, 34, 45, 47, 59

Self-represented plaintiffs Sergey Firsov and Kateryna Pomogaibo ("Plaintiffs") filed suit against Defendant Aerovias Del Continente Americano S.A. Avianca ("Avianca") alleging that the airline violated their rights when, after purchasing business-class tickets on an international flight, Avianca allegedly downgraded them to economy class and denied them boarding at the airport after their tickets were cancelled and accidentally refunded.

Currently pending and fully briefed are four motions: (1) Defendant Avianca's motion to dismiss, (2) Plaintiffs' motion to strike Avianca's motion to dismiss, (3) Plaintiffs' motion to reconsider a prior order of this Court, and (4) Plaintiffs' motion to compel. ECF Nos. 29, 34, 45, 47.[1] Having considered the parties' briefs and the relevant legal authority, the Court concludes oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), VACATES the February 25, 2026 hearing, GRANTS Avianca's motion to dismiss, and DISMISSES the complaint without prejudice. Plaintiffs' three motions are DENIED for the reasons set forth below. Additionally, because the February 25, 2026 hearing is vacated, the parties' joint request for a remote hearing is DENIED as moot. *See* ECF No. 59.

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

United States District Court
Northern District of California

## I.     BACKGROUND

### A.     Factual Background[2]

On June 30, 2025, Plaintiffs filed a complaint against Avianca seeking relief under the Montreal Convention as well as various California state laws.  ECF No. 1.  Plaintiffs' travails began on February 12, 2022, when they purchased two business class seats for a flight from Rio de Janeiro, Brazil to Los Angeles, California departing on December 31, 2022.  Plaintiffs paid for the flight in miles (130,000 miles or $4,290) plus $104.98 in taxes.  Plaintiffs also purchased a flight from Los Angeles to San Francisco departing on January 1, 2023.

In April 2022, Avianca allegedly changed the aircraft (presumably on the flight from Brazil, although the complaint is unclear) such that no lie-flat business class seats existed.  Plaintiffs were downgraded to economy class and called the airline in December 2022 to request a refund of 70,000 miles.  Allegedly by mistake, Avianca cancelled Plaintiffs' tickets entirely and issued a refund.  When Plaintiffs arrived for their flight on December 31, 2022, they were unable to board Avianca's flight from Brazil and needed to purchase new tickets to travel to Los Angeles.

### B.     Procedural History

With their complaint, Plaintiffs submitted applications to proceed *in forma pauperis* and a proposed summons.  ECF Nos. 2, 3.  Because Plaintiffs applied to proceed *in forma pauperis*, the Clerk did not issue a summons at that time.  *See* Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d), and *Puett v. Blandford*, 912 F.2d 270, 273 (9th Cir. 1990) (stating that "a party proceeding in forma pauperis is entitled to have the summons and complaint served by the U.S. Marshal").  On August 15, 2025, the Court denied Plaintiffs' applications and ordered them to pay the filing fee.  ECF No. 7.  Plaintiffs timely paid the filing fee, and the Clerk issued a summons.  ECF Nos. 8, 9.

As detailed in several of the Court's previous orders regarding service, Plaintiffs filed an "affidavit of due diligence" regarding their efforts to serve the complaint and summons that named the wrong defendant.  ECF No. 11.  After ordering Plaintiffs to submit a status report regarding service, Plaintiffs instead filed a motion to recover the cost of service that the Court denied.  ECF

---

[2] All allegations are taken from Plaintiffs' complaint and are assumed to be true for the purposes of this opinion.

No. 32. In denying Plaintiffs' motion, the Court found that Plaintiffs could not be compensated for the costs of service because Plaintiffs failed to show that they formally served Avianca after trying to negotiate a service waiver. *Id.* at 2.

On October 24, 2025, Avianca filed a motion to dismiss Plaintiffs' complaint on several grounds. ECF No. 29. Plaintiffs opposed the motion and Avianca submitted a reply. ECF Nos. 37, 49.

## II.    LEGAL STANDARD

A federal court lacks personal jurisdiction over a defendant if service of process is insufficient. *See Omni Capital Int'l v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). Under the Federal Rules, a defendant may bring a motion to dismiss for insufficient service of process. Fed. R. Civ. P. 12(b)(5). "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). If the plaintiff is unable to satisfy this burden, a court "has discretion to dismiss an action or to quash service." *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006).

## III.    DISCUSSION

### A.    Insufficient Service of Process

A corporation must be served in a judicial district of the United States "in the manner prescribed by Rule 4(e)(1) for serving an individual" or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1). In turn, Rule 4(e)(1) allows service of an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(e)(1). California law authorizes service of process upon a corporation by delivering the summons and complaint "[t]o the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process." Cal. Civ. Proc. Code § 416.10(b).

In the Ninth Circuit, "service of process is not limited solely to officially designated

officers, managing agents, or agents appointed by law for the receipt of process," but instead "can be made upon a representative so integrated with the organization that he will know what to do with the papers." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (internal quotation marks and citations omitted). Service is sufficient if made "upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service." *Id.* (citation omitted). A court must conduct a "factual analysis of the employee's authority within the company." *Elohim EPF USA, Inc. v. Pondanet, Inc.*, No. 819CV00349SVWKES, 2019 WL 6448962, at *4 (C.D. Cal. July 24, 2019).

Here, Avianca argues that service, although attempted by Plaintiffs several times, was inadequate because Plaintiffs failed to follow the Federal Rules or California's parallel service requirements. ECF No. 29 at 11. In particular, Plaintiffs filed three proofs of service in this case and none demonstrate that Plaintiffs gave notice to an officer, general manager, or authorized agent for service of process. *See also* ECF No. 32 at 2 (stating the same).

To start, Plaintiffs' first proof of service, filed as the second page of a document titled "Affidavit of Due Diligence" on September 12, 2025, states that Plaintiff Firsov served "supervisor Zuwarya" of Qatar Airways Group, a company that is not a party to this action. ECF No. 10 at 2. The affidavit itself states that Oleksandra Pomohaibo attempted to serve an employee at the Avianca check-in counter at San Francisco International Airport. *Id.* at 1.

Plaintiffs' remaining two proofs of service, which appear to be identical documents, state that Myron Pomohaibo served a summons on "supervisor Daffny in Avianca uniform" again at San Francisco International Airport. ECF No. 21 at 2; ECF No. 28 at 2.

An individual or supervisor at an Avianca check-in counter wearing a uniform is not an officially designated officer or managing agent of the corporation. Further, a check-in counter employee is not a president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, or a general manager. Plaintiffs have provided no proof that "supervisor Daffny in Avianca uniform" was authorized by appointment or law to receive service. Therefore, Plaintiffs have not met the service requirements of Rule 4(h) or California law. *See* Fed. R. Civ.

United States District Court
Northern District of California

4

P. 4(h); Cal. Civ. Proc. Code § 416.10(b).

Nor is the check-in counter employee here "a representative so integrated with the organization" that service was proper. *See Direct Mail Specialists, Inc.*, 840 F.2d at 688. This case is similar to *Fuentes v. Nat'l Tr. Co. Deutsche Bank*, No. 22-CV-04953-BLF, 2023 WL 2278701 (N.D. Cal. Feb. 27, 2023), where service to a receptionist was improper. Like in *Fuentes*, neither Firsov nor Oleksandra or Myron Pomohaibo appear to have asked whether any employees at the airport could accept service or whether the check-in counter employee was instructed about how to receive service. *Id.* at *3. Instead, Plaintiffs argue that "[a]irline clothes manager Daffny" had "apparent authority" to accept service. ECF No. 37 at 5. This conclusory statement is contradicted by this Court's own decisions in this case and others. *See* ECF No. 32 at 2-3; *see also Firsov v. Alaska Airlines, Inc.*, No. 25-CV-05487-NW, 2025 WL 4324346, *3 (N.D. Cal. Nov. 5, 2025); *Firsov v. United Airlines, Inc.*, No. 5:25-CV-03784-BLF, 2025 WL 3179230, *1 (N.D. Cal. Oct. 21, 2025). Further, there is no evidence that service on the check-in counter employee resulted in actual notice to Avianca. Nor have Plaintiffs provided sufficient evidence to determine that the check-in counter employee was "so integrated" with Avianca such that service upon him was proper. *See Fuentes*, 2023 WL 2278701, at *3 (citing *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, No. C-04-3955 SC (JCS), 2009 WL 4258550, at *2–3 (N.D. Cal. Nov. 24, 2009)). The Court finds service was insufficient.

Having concluded service was insufficient, the Court must decide whether to dismiss the action or quash service and grant Plaintiffs an opportunity to serve Avianca. *See Stevens v. Sec. Pac. Nat. Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976).

Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Well over 90 days (indeed, over six months) have passed since Plaintiffs filed their June

United States District Court
Northern District of California

30, 2025 complaint. In that time, Plaintiffs had ample opportunity to serve Avianca. Indeed, the Court has issued two orders relating to Plaintiffs' requirements to effectuate service of process. In the first, the Court requested a status report as to the Plaintiffs' efforts to complete service on Avianca. ECF No. 11 at 2. Although the order noted that if Plaintiffs "fail to respond to this order or to otherwise timely obtain an extension of the service deadline for good cause shown, the Court will have this matter reassigned to a district judge with the recommendation that the case be dismissed," Plaintiffs did not respond or file the required status report. Instead, Plaintiffs filed a motion to recover the costs of service that the Court denied. *Id.* In denying Plaintiffs' motion, the Court noted that Plaintiffs "have not shown that they subsequently accomplished formal service on Avianca" by complying with the requirements for service on a corporation. *Id.* Accordingly, the Court finds dismissal without prejudice an appropriate remedy at this stage.

Because the Court finds it lacks personal jurisdiction over Avianca due to insufficient service of process and dismisses the complaint accordingly, the Court need not consider Avianca's other grounds for dismissal. *See Omni Capital Int'l*, 484 U.S. at 104. That said, Plaintiffs are cautioned that their claims may be time-barred, given that the events of this case arose in late 2022.

Finally, at the end of its motion, Avianca requests in a single paragraph "that the Court exercise its authority under the All Writs Act to enjoin Plaintiffs from filing further airline-related actions against Avianca in this District without prior leave of court." ECF No. 29 at 20. Avianca requests Rule 11 sanctions in the same paragraph.

"The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). "Restricting access to the courts is, however, a serious matter." *Ringgold-Lockhart v. Cty. of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014). "[T]he right of access to the courts is a fundamental right protected by the Constitution," and "[p]rofligate use of pre-filing orders could infringe this important right." *Id.* at 1061-62 (cleaned up). Thus, "pre-filing orders should rarely be filed," and only when certain requirements are met. *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). A district court must analyze four factors before

6

imposing pre-filing restrictions: the court must "(1) give litigants notice and 'an opportunity to oppose the order before it [is] entered'; (2) compile an adequate record for appellate review, including 'a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed'; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as 'to closely fit the specific vice encountered.'" *Ringgold-Lockhart*, 761 F.3d at 1062 (quoting *De Long*, 912 F.2d at 1147-48).

Other than noting Plaintiffs' many cases in this District and other courts, Avianca provides no support for its request to declare Plaintiffs vexatious litigants. Avianca does not analyze any of the factors, nor is there evidence that they are met at this moment. Similarly, Avianca fails to describe why it is entitled to sanctions. Accordingly, the Court will not declare Plaintiffs vexatious litigants and will not award sanctions here.

### B.    Plaintiffs' Pending Motions

#### 1.    Motion to Strike

Plaintiffs moved to strike Avianca's motion to dismiss for failing to serve Plaintiffs. ECF No. 34. Avianca opposed this motion and Plaintiffs filed a reply. *See* ECF Nos. 48, 52. The Court DENIES this motion as moot. Plaintiffs were in fact served with Avianca's motion to dismiss as shown by the submitted Certificate of Service indicating that Avianca sent the motion materials via FedEx to Plaintiffs' addresses of record. *See* ECF No. 30 at 2.

#### 2.    Motion for Reconsideration

Plaintiffs filed a motion for reconsideration of the order denying his motion to recover the cost of formal service, without seeking leave to do so, as required by Civil Local Rule 7-9(a). ECF No. 45. Putting aside that failure, Plaintiffs have shown no valid basis for reconsideration. *See* Civil L.R. 7-9(b) (stating what a moving party must show in a motion for reconsideration). Thus, the motion for reconsideration is DENIED.

#### 3.    Motion to Compel

Plaintiffs also move to compel Avianca to serve Plaintiffs the form indicating Avianca's consent or declination to magistrate judge jurisdiction. ECF No. 47. The Court DENIES this motion as moot. Avianca served Plaintiffs with the form as demonstrated by the Certificate of

United States District Court
Northern District of California

Service indicating that Avianca sent the document via FedEx to Plaintiffs' addresses of record. *See* ECF No. 40 at 2.

## IV.    CONCLUSION

For the forgoing reasons, Avianca's motion to dismiss is GRANTED and the complaint is DISMISSED without prejudice.  Plaintiffs' motions to strike, for reconsideration, and to compel are DENIED.  Additionally, the parties' administrative motion requesting a remote hearing is DENIED as moot.

**IT IS SO ORDERED.**

Dated: February 20, 2026

Noël Wise
United States District Judge

8